I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ defendant (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12/8/2010

DEPUTY CLERK: Hays



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC - 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL MARKETING, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GREG CYNAUMON, et al., <br><br> Defendants. | Case No. SACV 10-1057 RNB <br><br> ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE |

## PROCEEDINGS

On July 13, 2010, plaintiffs (through counsel) filed this action against defendant Greg Cynaumon and Does 1 through 10, alleging claims under the Lanham Act and federal trademark and copyright law. In accordance with the Central District of California's Magistrate Judge Civil Consent Pilot Project, the case was directly assigned to Magistrate Judge Robert N. Block.

When as of November 16, 2010, the 120-day period allowed by Fed. R. Civ. P. 4(m) for accomplishment of service of process had elapsed and no proof of service had been filed by plaintiff, Judge Block issued an Order to Show Cause why service was not made within the 120-day period and why this case should not be dismissed without prejudice for want of prosecution. Plaintiffs were ordered to attempt to show such cause by filing a declaration, signed by plaintiffs' counsel under penalty of

1

1 | perjury, within fourteen (14) days of the service date of the Order. Further, plaintiffs were expressly forewarned that, if they did not timely file such a declaration or if they failed to show good cause for their failure to timely serve, this action would be subject to dismissal without prejudice for failure to prosecute.

**Plaintiffs have not filed a response to the Order to Show Cause, and their time for doing so has expired.**

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that, if service of process is not made within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that time, the action is subject to dismissal without prejudice upon the Court's own initiative with notice to the plaintiff. Here, plaintiffs failed to effectuate proper service of process on the sole named defendant within 120 days after the filing of their complaint, and the Court has afforded them an opportunity to make the good cause showing contemplated by Rule 4(m). Plaintiffs have failed to show good cause for their failure to timely effectuate proper service of process. Moreover, plaintiffs' failure even to respond to the Order to Show Cause also evidences a want of prosecution on their part warranting the dismissal of this action. See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Fed. R. Civ. P. 41(b).

In Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions."

Here, the first and second Carey factors clearly militate in favor of dismissal. The fifth factor also militates in favor of dismissal, given plaintiffs' failure even to

respond to the Order to Show Cause. It does not appear to the Court that there are any other sanctions less drastic than dismissal that now are available for the Court to impose. While the Court finds that the third and fourth <u>Carey</u> factors do not militate in favor of dismissal, the Court has concluded that the other three factors in this instance outweigh the third and fourth factors.

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered dismissing this action without prejudice

DATED:   December 7, 2010

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE